# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JEFFREY A. JENNINGS, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-CV-00837 |
| | § | Judge Mazzant |
| O'REILLY AUTO ENTERPRISES, LLC | § | |
| d/b/a O'REILLY AUTO PARTS | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff Jeffrey A. Jennings Motion for Judgment on the Pleadings and/or Partial Summary Judgment Regarding Defendant's Affirmative Defenses (Dkt. #22) and Defendant O'Reilly Auto Enterprises, LLC d/b/a O'Reilly Auto Parts' Motion for Summary Judgment and Brief in Support (Dkt. #24). Having considered the motions and the relevant pleadings, the Court finds that Plaintiff's Motion for Judgment on the Pleadings and/or Partial Summary Judgment should be granted in part and denied in part (Dkt. #22) and Defendant's Motion for Summary Judgment should be denied (Dkt. #24).

## BACKGROUND

On December 6, 2017, Plaintiff filed suit against Defendant alleging two claims: (1) age discrimination under the Age Discrimination in Employment Act ("ADEA") and Texas Commission on Human Rights Act ("TCHRA") and (2) retaliation under the Family Medical Leave Act ("FMLA") (Dkt. #1 ¶¶ 37–47). On October 5, 2018, Plaintiff filed his Motion for Judgment on the Pleadings and/or Partial Summary Judgment (Dkt. #22). Defendant filed a response to Plaintiff's motion on October 26, 2018 (Dkt. #27). Plaintiff filed a reply to the motion on November 2, 2018 (Dkt. #31). Defendant filed a sur-reply to the motion on November 9, 2018 (Dkt. #35).

Following the same schedule, on October 5, 2018, Defendant filed its Motion for Summary Judgment (Dkt. #24). Plaintiff filed a response to Defendant's motion on November 26, 2018 (Dkt. #29). Defendant filed a reply to the motion on November 2, 2018 (Dkt. #33). Plaintiff filed a sur-reply to the motion on November 9, 2018 (Dkt. #34).

**LEGAL STANDARD**

I. **Federal Rule of Civil Procedure 12(c)**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not the delay trial—a party may move for judgment on the pleadings." "A motion brought pursuant to FED. R. CIV. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.,* 278 F.3d 417, 420 (5th Cir. 2001) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)).

"Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Great Plains Tr.*, 313 F.3d at 312 (quoting *Hughes*, 278 F.3d at 420). The standard applied under Rule 12(c) is the same as that applied under Rule 12(b)(6). *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *Guidry* v. *Am. Pub. Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007).

## II. Summary Judgment

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth

particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

The Court addresses Plaintiff's Motion for Judgment on the Pleadings and/or Partial Summary Judgment (Dkt. #22) before turning to Defendant's Motion for Summary Judgment (Dkt. #24).

### I. Plaintiff's Motion for Judgment on the Pleadings and/or Summary Judgment

#### A. Summary Judgment

The Court considers Plaintiff's summary judgment arguments first. Plaintiff moves for summary judgment arguing there is no genuine issues of material fact on four of Defendant's affirmative defenses: (1) *Ellerth/Faragher* defense; (2) after-acquired evidence defense; (3) failure to exhaust administrative remedies defense; and (4) failure to mitigate damages defense (Dkt. #22) (referring to *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998)). Regarding the *Ellerth/Faragher* defense, Plaintiff contends the defense is inapplicable because this is not a harassment case (Dkt. #22 at p. 19)

(citing *E.E.O.C. v. Boh Bros. Const. Co., L.L.C.*, 731 F.3d 444, 462 (5th Cir. 2013)). "Normally an employer is strictly liable for a supervisor's harassment of an individual whom he or she supervises." *Pullen v. Caddo Par. Sch. Bd.*, 830 F.3d 205, 209 (5th Cir. 2016) (citing *Vance v. Ball State Univ.*, 570 U.S. 421 (2013)). "The *Ellerth/Faragher* affirmative defense is an exception and is available to employers where a plaintiff alleges sexual harassment by a supervisor but does not claim that the harassment resulted in a tangible employment action." *Id.* Defendant does not respond to Plaintiff's argument or demonstrate how the *Ellerth/Faragher* defense is applicable to this case. Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. The Court finds that Defendant does not meet its summary judgment burden, and summary judgment should be granted on Defendant's *Ellerth/Faragher* affirmative defense.

Concerning Defendant's after-acquired evidence and failure to exhaust administrative remedies defense, Defendant explains:

> As it relates to each of the other defenses for which Mr. Jennings seeks summary judgment, O'Reilly concedes that it has not uncovered after-acquired evidence of wrongdoing to date that would act to limit Mr. Jennings's claimed damages. In pleading the after-acquired evidence defense, O'Reilly did not contend it had actual evidence of wrongdoing, but, rather, that if it were to discover such evidence Mr. Jennings's damages should be reduced accordingly under the after-acquired evidence doctrine. Concerning O'Reilly's asserted defense regarding Mr. Jennings's failure to exhaust administrative remedies, O'Reilly asserts that summary judgment is premature at this time. Specifically, if, in his opposition to O'Reilly's motion for summary judgment or at any subsequent trial, Mr. Jennings attempts to raise matters that were not properly raised in his Charge of Discrimination, O'Reilly

> reserves the right to raise a failure to exhaust administrative remedies defense. For instance, at his deposition, Mr. Jennings asserted for the first time that he should have been entitled to bereavement leave following his wife's passing even though he indicated he did not intend to return to work at O'Reilly following his wife's passing. Should Mr. Jennings attempt to assert that the denial of bereavement leave was in some way related to his age or otherwise discriminatory, O'Reilly has the right to raise a failure to exhaust defense based on the fact that Mr. Jennings never raised any such claim before an appropriate administrative body as a prerequisite to filing suit.

(Dkt. #27 at p. 1 n.3). Defendant does not provide competent summary judgment evidence to support its after-acquired evidence defense and admits that its failure to exhaust administrative remedies defense is merely precautionary. As a result, Defendant does not meet its summary judgment burden as to these defenses, and summary judgment should be granted on Defendant's after-acquired evidence and failure to exhaust administrative remedies defenses.

Concerning Defendant's failure to mitigate damages defense, after a careful review of the record and the arguments presented, the Court is convinced that there are genuine issues of material fact as to whether Plaintiff failed to mitigate his damages. Consequently, the Court will not grant summary judgment on Defendant's failure to mitigate damages affirmative defense.

### B. Judgment on the Pleadings

Alternatively, Plaintiff moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). In essence, Plaintiff contends Defendant's pleadings do not meet the Federal pleading standards and, therefore, the Court should enter judgment on the affirmative defenses (Dkt. #22 at pp. 5, 11–13). Defendant does not directly respond to Plaintiff's Rule 12(c) arguments (Dkt. #27; Dkt. #35).

The Court first notes that Plaintiff's motion is delayed. Defendant's filed their answer on January 11, 2018 (Dkt. #6). Plaintiff did not move to strike, dismiss, or ask the Court to order

6

Defendant to replead its affirmative defenses for nearly nine months. Instead, Plaintiff waited until the dispositive motions deadline to claim the affirmative defenses were insufficiently pleaded (Dkt. #21).

"A motion brought pursuant to FED. R. CIV. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co.*, 914 F.2d at 76 (citation omitted); *Great Plains Tr. Co.*, 313 F.3d at 312–13. "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes,* 278 F.3d at 420 (citing *Williamson*, 224 F.3d at 440 n.8).

Considering the remaining defense at issue—the failure to mitigate damages defense—the Court already determined there are genuine issues of material fact concerning the elements of the defense. Accordingly, judgment on the pleadings should not be granted as to this defense. Further, as clear from the Court's reading of Plaintiff's motion, Plaintiff does not lack fair notice of the theories or the facts underlying Defendant's failure to mitigate damages defense (Dkt. #22). Therefore, the Court sees no reason to order Defendant to replead the defense. As a result, the Court denies the relief requested by Plaintiff under Rule 12(c).

## II. Defendant's Motion for Summary Judgment

Defendant argues the Court should grant summary judgment on Plaintiff's FMLA and age discrimination claim (Dkt. #24). After a careful review of the record and the arguments presented, the Court is convinced that there are genuine issues of material fact on each element of Plaintiff's FMLA and age discrimination claims. Therefore, the Court finds that Defendant does not meet its summary judgment burden, and Defendant's motion for summary judgment should be denied (Dkt. #24).

**CONCLUSION**

It is therefore **ORDERED** that Plaintiff's Motion for Judgment on the Pleadings and/or Partial Summary Judgment Regarding Defendant's Affirmative Defenses is **GRANTED IN PART** and **DENIED IN PART** (Dkt. #22). Specifically, the Court enters summary judgment on Defendant's *Ellerth/Faragher*, after-acquired evidence, and failure to exhaust administrative remedies affirmative defenses. The Court denies all other relief requested by Plaintiff.

It is further **ORDERED** that Defendant's Motion for Summary Judgment is **DENIED** (Dkt. #24).

**IT IS SO ORDERED.**

**SIGNED this 22nd day of January, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE